**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| | ) | |
| I-44 TRUCK CENTER & WRECKER | ) | |
| SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, on behalf of the U.S. Department of The Treasury and the U.S. Department of Labor, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Anthony J. Debre, Assistant United States Attorney for said District, and for its Complaint and causes of action against Defendant, I-44 TRUCK CENTER & WRECKER SERVICE, LLC, states as follows:

**JURISDICTION**

1.  This is a civil debt collection action stemming from Defendant's failure to pay two debts arising from Defendant's violations of the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.*, and Defendant's violations of multiple Occupational Safety and Health Administration ("OSHA") regulations, including 29 C.F.R. §§ 1910 and 1926.

2.  This action is brought pursuant to the Federal Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, *et seq*.

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1345.

1

## VENUE

4.   Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. §1391.

5.   Venue is proper in the Eastern Division pursuant to this Court's Local Rule 2.07(A)(1).

## PARTIES

6.    Plaintiff is the United States of America ("Plaintiff").

7.   Defendant I-44 Truck Center & Wrecker Service, LLC ("Defendant") is a Missouri limited liability company that conducts business in the State of Missouri, including within the boundaries of the Eastern District of Missouri.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Defendant has failed to pay multiple civil penalties, interest charges, delinquent charges, administrative charges, and other fees arising from Defendant's violations of the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.*, and Defendant's violations of certain OSHA regulations, including 29 C.F.R. §§ 1910 and 1926.

9.   Plaintiff sent Defendant multiple letters demanding payment for these violations.

10. Defendant failed to respond to Plaintiff's demand letters and failed to make payment.

11. Two delinquent debts owed to Plaintiff arose due to Defendant's violations.

12. The two delinquent debts are subject to 1.0% annual interest in accordance with 31 U.S.C. § 3717(a), and such interest will continue to accrue at the 1.0% annual rate.

13. In addition, the two delinquent debts are subject to 6.0% annual delinquent penalty charges in accordance with 31 U.S.C. § 3717(e), and such delinquent charges will continue to accrue at the 6.0% annual rate.

14. The total of these two delinquent debts owed by Defendant to Plaintiff, including principal, interest, delinquent charges, administrative charges, and other fees, exceeds $124,567.78.

**COUNT I – Treasury Claim No. TRFM7375294 - $9,730.45**

15. Plaintiff realleges and incorporates by reference the above paragraphs as if recited verbatim herein.

16. Defendant is indebted to Plaintiff in an amount in excess of $9,730.45, which includes a principal amount of $5,541.00; interest of $234.98 that has accrued through March 4, 2022, plus additional sums owed in interest that have accrued since then and continue to accrue at 1.0% annually; delinquent penalty charges of $1,354.43 that has accrued through March 4, 2022, plus additional sums owed in delinquent charges that have accrued since then and continue to accrue at 6.0% annually; administrative charges of $20.00; agency fees of $2,580.04 pursuant to 31 U.S.C. § 3711(g)(6); as well as costs and attorneys' fees accrued while pursuing this action. Attached hereto as Exhibit 1 is the Certificate of Indebtedness dated March 4, 2022.

17. This debt arose in connection with an inspection of Defendant's workplace on May 31, 2017 and a subsequent Citation and Notification of Penalty ("Citation") issued on June 20, 2017. Attached hereto as Exhibit 2 is the aforementioned Citation. According to the Citation, Defendant failed to maintain fire extinguishers in a fully charged and operable condition in violation of 29 CFR § 1910.157(c)(4); Defendant's forklift was missing its propane tank orientation pin (causing the propane tank to be misaligned) in violation of 29 CFR § 1910.178(q)(7); the driver of Defendant's forklift was not properly trained, evaluated, and/or certified in violation of 29 CFR § 1910.178(l)(6); and Defendant failed to properly store its oxygen and acetylene cylinders in a well-protected location away from highly combustible materials in violation of 29 CFR

§§ 1910.253(b)(2)(ii) and (b)(4)(i).  Ex. 2. at pp. 6-10.  All of these violations were classified as "Serious."  *Id*.

18. The Citation stated Defendant had an opportunity to submit a written contest or request an informal conference to discuss and resolve this matter.  *Id*. at pp. 1-2.  Nevertheless, Defendant did not pursue either option.

19. Attached to the Citation was an Invoice / Debt Collection Notice ("Invoice") providing Defendant with payment instructions and demanding prompt payment for the aforementioned violations to avoid the imposition of additional charges, including delinquent charges and administrative charges.  Ex. 2. at pp. 11-12.  Despite this demand for payment, Defendant failed to pay.

20. On August 31, 2017, Plaintiff sent Defendant a collection letter, which notified Defendant the debt had become delinquent, provided payment instructions, and demanded payment of the debt (including the unpaid balance, interest accruing at 1.0% annually, and administrative charges).  Attached hereto as Exhibit 3 is the aforementioned collection letter.  The collection letter also advised that if the debt remained delinquent for more than three months, a delinquent charge of 6.0% annually would be assessed.  *Id*.  Despite this demand for payment, Defendant again failed to pay.

21. Thereafter, Plaintiff referred this debt to two private collection agencies, namely Coast Professional Inc. and Pioneer Credit Recovery Inc., which attempted to collect this debt between December 2019 and March 2022.  During this time, Defendant was uncooperative, and no collections resulted from these efforts.

22. On March 4, 2022, the U.S. Department of Justice ("DOJ") sent Defendant a Demand for Payment letter seeking payment of the above-referenced debt, which totaled $9,730.45 at that

time. Attached hereto as Exhibit 4 is the DOJ's Demand for Payment letter. Despite this demand for payment, Defendant again failed to pay.

23. In short, Defendant has repeatedly failed to pay the aforesaid sums although multiple demands have been duly made.

WHEREFORE, the Plaintiff, UNITED STATES OF AMERICA, prays for judgment against Defendant, I-44 TRUCK CENTER & WRECKER SERVICE, LLC, in the sum of $9,730.45 plus additional sums owed in interest accruing at 1.0% annually and penalty charges accruing at 6.0% annually, as well as costs and attorneys' fees accrued while pursuing this action, and for such other and further relief as this Court may deem proper.

### COUNT II – Treasury Claim No. TRFM10835069 - $114,837.33

24. Plaintiff realleges and incorporates by reference the above paragraphs as if recited verbatim herein.

25. Defendant is indebted to Plaintiff in an amount in excess of $114,837.33, which includes a principal amount of $65,184.00; interest of $2,787.14 that has accrued through March 4, 2022, plus additional sums owed in interest that have accrued since then and continue to accrue at 1.0% annually; delinquent penalty charges of $16,396.90 that has accrued through March 4, 2022, plus additional sums owed in delinquent charges that have accrued since then and continue to accrue at 6.0% annually; administrative charges of $20.00; agency fees of $30,449.29 pursuant to 31 U.S.C. § 3711(g)(6); as well as costs and attorneys' fees accrued while pursuing this action. Attached hereto as Exhibit 5 is the Certificate of Indebtedness dated March 4, 2022.

26. This debt arose in connection with a reinspection of Defendant's workplace on October 10, 2017 and a subsequent Notification of Failure to Abate Alleged Violations ("Notification") issued on October 18, 2017. Attached hereto as Exhibit 6 is the aforementioned Notification.

According to the Notification, Defendant failed to abate the prior violation regarding its failure to maintain fire extinguishers in a fully charged and operable condition in violation of 29 CFR § 1910.157(c)(4).  Ex. 6. at pp. 1-2, 5.

27. Attached to the Notification was an Invoice / Debt Collection Notice ("Second Invoice") providing Defendant with payment instructions and demanding prompt payment for the aforementioned violation to avoid the imposition of additional charges, including delinquent charges and administrative charges.  Ex. 6. at pp. 6-7.  Defendant received the Notification and Second Invoice via certified mail on October 24, 2017.  Ex. 6 at p. 8.  Despite receiving this demand for payment, Defendant failed to pay.

28. On December 4, 2018, Plaintiff sent Defendant a collection letter, which notified Defendant the debt had become delinquent, provided payment instructions, and demanded payment of the debt (including the unpaid balance, interest accruing at 1.0% annually, and administrative charges).  Attached hereto as Exhibit 7 is the aforementioned collection letter.  The collection letter also advised that if the debt remained delinquent for more than three months, a delinquent charge of 6.0% annually would be assessed.  *Id*.  Despite this demand for payment, Defendant again failed to pay.

29. Thereafter, Plaintiff referred this debt to two private collection agencies, namely Coast Professional Inc. and Pioneer Credit Recovery Inc., which attempted to collect this debt between December 2019 and March 2022.  During this time, Defendant was uncooperative, and no collections resulted from these efforts.

30. On March 4, 2022, the DOJ sent Defendant a Demand for Payment letter seeking payment of the above-referenced debt, which totaled $114,837.33 at that time.  Attached hereto as

Exhibit 8 is the DOJ's Demand for Payment letter.  Despite this demand for payment, Defendant again failed to pay.

      31. In short, Defendant has repeatedly failed to pay the aforesaid sums although multiple demands have been duly made.

      WHEREFORE, the Plaintiff, UNITED STATES OF AMERICA, prays for judgment against Defendant, I-44 TRUCK CENTER & WRECKER SERVICE, LLC, in the sum of $114,837.33 plus additional sums owed in interest accruing at 1.0% annually and penalty charges accruing at 6.0% annually, as well as costs and attorneys' fees accrued while pursuing this action, and for such other and further relief as this Court may deem proper.

DATED: January 3, 2023                Respectfully submitted,

                                     SAYLER A. FLEMING
                                     United States Attorney

                                     */s/ Anthony J. Debre*
                                     ANTHONY J. DEBRE #67612 MO
                                     Assistant United States Attorney
                                     Thomas F. Eagleton U.S. Courthouse
                                     111 South Tenth Street, 20th Floor
                                     St. Louis, Missouri 63102
                                     (314) 539-2200 office
                                     (314) 539-2196 fax
                                     anthony.debre@usdoj.gov