UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23 CV 1 JMB |
| I-44 TRUCK CENTER & WRECKER, SERVICE, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant I-44 Truck Center & Wrecker Service, LLC's Motion to Dismiss (Doc. 10). Plaintiff United State of America filed a response (Doc. 15) to which Defendant replied (Doc. 16). On July 18, 2023, a motion hearing was held in which the parties appeared by counsel. For the reasons set forth below, the Motion is **DENIED**

**I.      Background**

According to the Complaint (Doc. 1), Defendant failed to pay civil penalties, interest, charges, and fees, totaling $124,567.78, related to violations of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, *et seq*., and related regulations. In particular, Defendant was cited on June 20, 2017 and October 18, 2017 for various safety violations. The June citation was issued for Defendant's failure to properly maintain fire extinguishers and a propane tank, failure to properly train a forklift driver, and failure to properly store combustible material. The October citation was issued for Defendant's failure to abate the previous violation, namely failure to properly maintain fire extinguishers. Defendant allegedly did not avail itself of any remedies, ignored multiple demands for payment, and was subsequently uncooperative with two

private debt collection agencies.  Plaintiff brought this action pursuant to the Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3701, *et seq*.

Defendant seeks dismissal of the Complaint, arguing that it is time-barred.

**II.     Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  If a complaint itself establishes that a claim is time-barred, which is an affirmative defense, a defendant may seek dismissal pursuant to Rule 12(b)(6).  Humphrey v. Eureka Gardens Public Facility Board, 891 F.3d 1079, 1081 (8th Cir. 2018).

As a general matter, a statute of limitations does not run against the government unless specifically provided by Congress.  BP America Production Co. v. Burton, 549 U.S. 84, 95-96 (2006).  And, such statutes that do apply are strictly construed in favor of the government.  Id.; Badaracco v. Comm'r, 464 U.S. 386, 391 (1984).

**III.    Discussion**

The original penalties in this case were issued pursuant to violations of OSHA regulations.  There is no argument that Defendant can now challenge the actual penalties and the

reason for their imposition at this time. According to statute, once a penalty has been proposed, an employer has 15 working days to contest the citation and penalty. 29 U.S.C. § 659(a). If the employer does not contest the citation or penalty, it "shall be deemed a final order of the Commission and not subject to review by any court or agency." Id. Judicial review of the citation and penalty is limited to those instances where an employer does make a challenge within the 15-day period. 29 U.S.C. § 660. The Complaint now before the Court alleges that Defendant did not contest the penalties within the time permitted by statute.[1]

> OSHA also has an enforcement provision:
>
> (l) Procedure for payment of civil penalties
>
> Civil penalties owed under this chapter shall be paid to the Secretary for deposit into the Treasury of the United States and shall accrue to the United States and may be recovered in a civil action in the name of the United States brought in the United States district court for the district where the violation is alleged to have occurred or where the employer has its principal office.
>
> 29 U.S.C. § 666(l).

This section has been described as a "collection procedure only" where neither the fact of the violation nor the propriety of the penalty may be challenged. United States by Donovan v. Howard Elec. Co., 798 F.2d 392 (10th Cir. 1986).

If Plaintiff was seeking penalties pursuant to § 666(l), then the limitations period contained in 28 U.S.C. § 2462 would apply. This code section is described as a catch-all limitations period, Lamb v. United States, 977 F.2d 1296, 1296-1297 (8th Cir. 1992), and states:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

---

[1] At the hearing, Defendant hinted that there may not have been notice of the penalties imposed. That issue is not before the Court at this time.

28 U.S.C. § 2462.

A "penalty" is a "punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offen[s]e against its laws." Kokesh v. S.E.C., 581 U.S. 455, 461-2 (2017). Thus, penalties are defined under § 2462 as those punitive remedies sought by the government for offenses committed against the United States and imposed in the public interest; as oppose to enforcement actions designed to provide compensatory relief to an individual or other entity. There is no question that the original OSHA penalties are the type described in Kokesh. Claims accrue under § 2462 when the administrative process ends: "where an Act which authorizes the assessment of a civil penalty also provides for an administrative procedure for assessing that penalty, the statute of limitations period set out in § 2462 will not begin to run until that administrative process has resulted in a final determination." United States v. Godbout-Bandal, 232 F.3d 637, 640 (8th Cir. 2000). If this is an enforcement action about the original penalties, then it would appear that the Plaintiff has filed out-of-time. The June 20, 2017 penalty became final 15 days later, or on July 5, 2017. As such, the government had until July 5, 2022 to file suit. Similarly, the October 18, 2017 penalty became final on November 2, 2017. Therefore, the government had until November 2, 2022 to file suit. This case was filed on January 3, 2023, a number of months later.

But, Plaintiff does not seek payment pursuant to § 666(l). Rather, it seeks payment through the DCIA as a debt owed to the United States. In relevant part, the DCIA provides: "the head of an executive, judicial or legislative agency shall try to collect a claim of the United States Government for money or property arising out of the activities of, or referred to, the agency." 31 U.S.C. § 3711(a)(1). If that claim has been delinquent for 180 days, then it may be transferred to the Secretary of the Treasury who shall take appropriate action to "collect or

terminate collection actions on the debt or claim." 31 U.S.C. § 3711(g)(1)(A-B). If the amount allegedly owed by Defendant is considered a debt or claim, then the DCIA would apply. Notwithstanding Defendant's argument, the DCIA does apply to the funds that the Plaintiff is attempting to collect.

>The DCIA states:
>
>(b)(1) In subchapter II of this chapter and subsection (a)(8) of this section, the term "claim" or "debt" means any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States by a person, organization, or entity other than another Federal agency. A claim includes, without limitation—
>
>\*\*\*
>
>(F) any fines or penalties assessed by an agency; and
>
>(G) other amounts of money or property owed to the Government.
>
>31 U.S.C. § 3701

Based on these statutory terms, which "are generally interpreted in accordance with their ordinary meaning," the funds that Plaintiff is attempting to collect can include amounts that were imposed as fines or penalties. BP America Production Co., 549 U.S. at 92. Such funds, despite their origin, are considered claims or debts and recoverable under the DCIA. And, while the statute contains limitations periods for certain specific action (not present here), there is no general statute of limitations that applies to DCIA cases. Blanca Telephone Company v. Federal Communications Commission, 991 F.3d 1097, 1110 (10th Cir. 2021); See generally, United States v. A.R.A.Z., Inc., 2007 WL 2693668 (E.D.N.Y. 2007) (for the limited purpose of recognizing that a district court applied § 3711 to a debt occasioned by failure to pay OSHA penalties). Based on a plain reading of the statute, a claim or debt enforceable through the DCIA by the Department of Justice includes the penalties assessed by OSHA.

In Blanca Telephone Company, the Tenth Circuit states that "Sections 503 and 2462 apply to punitive agency action; the DCIA applies to debt collection of funds owed to the United States." Id. 991 F.3d at 1112.  As such, if this was an action by OSHA to enforce the penalties, § 2462 would apply; but if this is merely to collect money already owed to the United States, the DCIA applies.  The Seventh Circuit came to a similar conclusion in an earlier case (of course prior to DCIA), U.S. Dept. Of Labor v. Old Ben Coal Co., 676 F.2d 259 (7th Cir. 1982).  In that case, the Mining Enforcement and Safety Administration issued penalties that went unchallenged and unpaid by defendant.  The government then filed suit to enforce the order directing civil penalties.  The Seventh Circuit stated that this is "akin to a collection proceeding" and that the 5-Year limitations period in § 2462 did not apply.  Id at 261.

The Court is unpersuaded by Defendant's argument that the type of underlying debt is an essential element of DCIA actions – there is nothing in the text of the statute to support this argument.  The Court is also unpersuaded by Defendant's argument that a penalty cannot become a debt that is collectible as such.  Defendant cites to no case law that would support such a proposition.

**IV.    Conclusion**

For the foregoing reasons, Defendant I-44 Truck Center & Wrecker Service, LLC's Motion to Dismiss (Doc. 10) is **DENIED.**

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2023