UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23 CV 1 JMB |
| | ) |
| I-44 TRUCK CENTER & WRECKER, | ) |
| SERVICE, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant I-44 Truck Center & Wrecker Service, LLC's Motion to Amend and Certify Order for Interlocutory Review (Doc. 25). Plaintiff United State of America filed a response (Doc. 31) to which Defendant replied (Doc. 34). For the reasons set forth below, the Motion is **DENIED**

**I.      Background**

According to the Complaint (Doc. 1), Defendant failed to pay civil penalties, interest, charges, and fees, totaling $124,567.78, related to violations of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, *et seq.*, and related regulations. In particular, Defendant was cited on June 20, 2017 and October 18, 2017 for various safety violations. Defendant allegedly did not avail itself of any remedies, ignored multiple demands for payment, and was subsequently uncooperative with two private debt collection agencies. Plaintiff brought this action pursuant to the Fair Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3701, *et seq.*, seeking to collect on the debt.

On August 14, 2023, this Court denied Defendant's motion to dismiss (Doc. 22). In that motion, Defendant argued that the claim was time-barred pursuant to the catch-all statute of

limitations applicable to OSHA penalty enforcement actions, 28 U.S.C. § 2462 (providing for a five year limitations period).  This Court found, however, that Plaintiff was not seeking relief pursuant to OSHA but rather was collecting a debt pursuant to the DCIA.  As such, § 2462 does not apply; and, because the relevant portion of the DCIA does not have a limitations period, the claim is not untimely (Doc. 22).

Defendant now seeks leave to file an interlocutory appeal.  Defendant frames the issue as:

> Whether the Court's refusal to apply the five-year statute of limitations set forth in 28 U.S.C. § 2462 based on the Court's ruling that there is no applicable statute of limitations for Plaintiff's claims herein was in accord with controlling legal precedent, including recent decisions of the United States Supreme Court, and should be reversed.

(Doc. 26, p.1).  The real matter subject to such an appeal, however, is the Order on the Motion to Dismiss and not just issues posed by Defendant.  See Peterson on behalf of E v. UnitedHealth Group Inc., 913 F.3d 769, 773-774 (8th Cir. 2019).

**II.     Standard**

In almost all cases, only final judgments are appealable.  28 U.S.C. § 1291; In re Municipal Stormwater Pond Coordinated Litigation, 73 F.4th 975, 979 (8th Cir. 2023).  However, certain enumerated interlocutory decisions may be appealable if various conditions are met.  Title 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non-final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted).  Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the

heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

### III.   Discussion

An interlocutory appeal in this matter is not warranted.  Even if the statute of limitations argument presents a controlling question of law, there is no substantial ground for difference of opinion, and an appeal at this stage of the proceedings would not materially advance the termination of these proceedings.  Couch v. Telescope Inc., 611 F.3d 629, 633 (8th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.").

As used in § 1292(b), a controlling question of law refers to matters that do not require factual development or assessment.  S.B.L. By and Through T.B. v. Evans, 80 F.3d 307, 311 (8th Cir. 1996); Ahrenholz v. Board of Trustee of University of Illinois, 219 F.3d 674, 676-677 (7th Cir. 2000) ("We think they used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); In re Dicamba Herbicides Litigation, 2018 WL 3619509 (E.D.Mo. 2018) ("The Seventh and Eleventh Circuits clearly draw a line between pure questions of law that can be decided without sifting into the record and case-specific questions that ask whether the district court properly applied settled law to specific facts.").  Questions of law involve "the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." Ahrenholz, 219 F.3d at 676.  A question of law is controlling if it would "materially affect the outcome of litigation in the district court." In re

Cement Antiturst Litigation, 673 F.2d 1020, 1026 (9th Cir. 1981); Fujitsu Ltd. v. Tellabs, Inc., 539 Fed. Appx. 1005, 1007 (Fed. Cir. 2013) ("In general, a question of law is 'controlling' within the meaning of Section 1292(b) only if our resolution of that issue could have an immediate impact on the course of the litigation"); Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2nd Cir. 1990) "([I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").

    Defendant argues that the issue it frames, as reproduced above, would terminate this litigation because if a five year limitations period applies to Plaintiff's claim, then the lawsuit must be dismissed.  Defendant initially does not elaborate on whether the issue it poses is a "question of law" and merely addresses whether it is controlling.  Nonetheless, the application of a statute of limitations is a question of law as is the interpretation of federal statutes.  See McDonough v. Anoka County, 799 F.3d 931, 939-940 (8th Cir. 2015); Kaufmann v. Siemens Medical Solutions USA, Inc., 638 F.3d 840, 846 (8th Cir. 2011).  The question, however, may not be controlling because even if the Court of Appeals were to apply the five year limitations period to Plaintiff's claims, there may still be issues that this Court did not resolve that may need factual development, including when the Plaintiff's claim accrued.  In any event, the Court cannot find that there is a substantial ground for difference of opinion or that an immediate appeal may materially advance the ultimate termination of this litigation.

    In order to determine whether the second criteria is met, "courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633.  Clarity can be absent when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quotation marks and citation omitted).  Disagreement with

the Court's opinion does not render controlling law unclear. Id. The controlling law in this matter is not ambiguous or novel. The DCIA permits various agencies to "collect a claim of the United States Government." 31 U.S.C. § 3711(a). A "claim" is used interchangeably with "debt" in the statute and is defined as "any amount of funds or property that has been determined . . . to be owed to the United States" by an entity and include "without limitation," "any fines or penalties assessed by an agency." 31 U.S.C. § 3701(b)(1)(F). By the plain language of the statute, the government can collect a debt that initially was assessed as a fine or penalty. And, there is no statute of limitations on the collection of this type of debt. Defendant simply disagrees with the Court's conclusion that Plaintiff is attempting to collect a debt under the DCIA and not enforce a penalty under OSHA; such a disagreement does not convert its argument into a substantial ground for difference of opinion.

Defendant's citation to Kokesh v. S.E.C., 581 U.S. 455 (2017) and Gabelli v. S.E.C., 568 U.S. 442 (2013), [1] does not dictate a different result. Both cases deal with enforcement actions where an agency sought to enforce penalties; neither case concerned the DCIA, the collection of a debt, or the limitations period for a DCIA action. They do not apply to this case.

Finally, an immediate appeal will not materially advance the termination of these proceedings; instead, it would lead to delay. While the Court is mindful that Defendant seeks discovery and the issue has not yet been resolved, it is apparent that any discovery will not be extensive or involved and that this matter can, and should, be resolved in a short period of time. The issues are not complicated, nor would this case involve battling experts. This is a simple debt collection action.

---

[1] In Kokesh, the Supreme Court considered whether disgorgement for securities law violations was a penalty as the term is used in § 2462. In Gabelli, the Supreme Court considered when a claim accrues under § 2462 for securities law violations involving fraud. In both cases, the Securities and Exchange Commission was seeking penalties for violations of the law in the first instance. Neither case involved application of the DCIA to penalties already imposed and allegedly unchallenged that are now allegedly debts due and owing.

Finally, and for the above reasons, the Court finds that this is not such an extraordinary case that requires an immediate appeal of a non-final order.  See Union County, Iowa, 525 F.3d at 647 (finding that a claim of attorney-client privilege did not justify an interlocutory appeal because "it lacks novel controlling issues of law and does not consist of a substantial number of consolidated cases.").

### IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Amend and Certify Order for Interlocutory Review (Doc. 25) is **DENIED** in its entirety.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of October, 2023