UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23 CV 1 JMB |
| | ) |
| I-44 TRUCK CENTER & WRECKER SERVICE, LLC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff United States of America's Motion to Strike Defendant's Affirmative Defenses (Doc. 32). Defendant I-44 Truck Center & Wrecker Service, LLC has responded (Doc. 36) to which Plaintiff has replied (Doc. 38). For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part.**

**I.   Background**

As set forth in previous Orders (Docs. 22 and 37), according to the Complaint (Doc. 1), Defendant failed to pay civil penalties, interest, charges, and fees, totaling $124,567.78, related to violations of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, *et seq.*, and related regulations. In particular, Defendant was cited on June 20, 2017 and October 18, 2017 for various safety violations. Defendant allegedly did not avail itself of any remedies, ignored multiple demands for payment, and was subsequently uncooperative with two private debt collection agencies. Plaintiff brought this action pursuant to the Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3701, *et seq.*

On August 14, 2023, this Court denied Defendant's motion to dismiss on statute of limitations grounds (Doc. 22).  In that motion, Defendant argued that the claims were time-barred pursuant to the catch-all statute of limitations applicable to OSHA penalty enforcement actions, 28 U.S.C. § 2462 (providing for a 5-year limitations period).  This Court found, however, that Plaintiff was not seeking relief pursuant to OSHA but rather was collecting a debt pursuant to the DCIA.  As such, § 2462 does not apply; and, because the relevant portion of the DCIA does not have a limitations period, the claim is not untimely (Doc. 22).  Defendant also sought an interlocutory appeal, on the statute of limitations argument; that motion was denied on October 24, 2023 (Doc. 37).

At a hearing on July 18, 2023, Defendant mentioned, for the first time, that it did not receive notice of the OSHA violations or the imposition of penalties.  As such, in its August 21, 2023 Answer, Defendant generally denies the allegations in the complaint and offers four affirmative defenses: statute of limitations, laches, lack of notice of the underlying violations, and a related claim of failure to satisfy conditions precedent, namely the lack of notice (Doc. 24).  And, at an October 5, 2023 hearing, Defendant again argued that Plaintiff failed to appropriately notify it of the underlying safety violations and imposition of penalties by mailing the notices to an allegedly unmanned location that is not its corporate offices (Doc. 35).  Defendant argued that the lack of proper notice forecloses this DCIA debt collection action, which it nonetheless maintains is an OSHA enforcement action.  In order to address this claim, and at its request, Defendant was granted leave to make its arguments in response to the motion to strike, which is now ripe for ruling.

**II.     Standard**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  This Court has broad discretion under Rule 12(f); however, "striking a party's pleading is an extreme measure" and motions pursuant to the Rule are "viewed with disfavor and are infrequently granted."  Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (quotation marks and citations omitted); BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).  Thus, a defense will not be stricken if it "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977) (quotation marks and citation omitted).  In considering a motion to strike, the Court views the pleading in a light most favorable to the pleader and should not strike a pleading unless the moving party would be prejudiced by inclusion of the defense.  Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106, *2 (E.D. Mo. 2008) (Stating that prejudice can include "engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome.").

**III.    Discussion**

Defendant points out that all of its affirmative defenses boil down to claims that it did not receive sufficient notice of the assessed OSHA penalties and that this lawsuit was filed beyond the statute of limitations.  However, Defendant does not directly address Plaintiff's argument that laches cannot be asserted against the United States and must fail as a matter of law.  "The doctrine of laches is an equitable defense to be applied when one party is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the other party.   Whatever the application of this doctrine to private parties, we have recognized the long-standing rule that laches does not

apply in actions brought by the United States." Bostwick Irr. Dist. v. United States, 900 F.2d 1285, 1292 (8th Cir. 1990) (quotation marks and citation omitted).  Because Defendant has offered no argument that laches would apply to this action, the defense is stricken.

As to Defendant's statute of limitations defenses, Plaintiff is correct in noting that this Court already has determined that this DCIA action was timely filed and that the issue may be raised on appeal.  However, Plaintiff is not prejudiced by the inclusion of this defense which fairly presented a question of law.  That is, the claim already has been denied and striking it, which is an extreme act, would make no difference – it would neither streamline these proceeding nor make this matter less complicated.

Defendant's lack of notice defenses present more challenging questions.  Defendant alleges that the government failed to provide adequate notice of the underlying OSHA penalties and that the government is now foreclosed from seeking to collect those penalties.  Defendant's arguments outline a Catch-22: if it did not receive notice of the violations it could not have challenged them within the statutory period; but, because it did not timely challenge the penalties it is unfairly foreclosed from challenging this collection effort.

To support this claim, Defendant presents the affidavit of Mark Robbins, Defendant's owner.  He avers that Defendant's registered/business office is in St. Clair, Missouri and that it maintains a "satellite facility" in Rolla, Missouri, where it parks tow trucks, does maintenance work, and sells products (Doc. 36-1, ¶ 2-3).  He further avers that neither he nor anyone in Defendant's management team received or saw a citation, penalty notification, or collection letters related to the 2017 OSHA violations and inspections (Doc. 36-1 ¶ 7).  He further avers that while he was told (by telephone) in 2017 that someone had filed a complaint with OSHA, he received a

letter in March 2018 informing him that no violations had been found;[1] and, he spoke (by telephone) to a person claiming to work for a collection agency in 2020 (Id. ¶¶ 11-12). Thus, Defendant argues, it did not receive adequate notice of the OSHA violation and could not have contested the penalties within the 15 days allowed by the statute. Defendant presumably did not see the actual citation until the complaint was served on February 14, 2023 (Doc. 6).[2]

In making its arguments, Defendant relies almost exclusively on Buckley & Co., Inc. v. Secretary of Labor, 507 F.2d 78 (3rd Cir. 1975). In that case, the appellate court considered "if notice mailed to a superintendent of a garage and maintenance shop of a large construction company is proper notification to the corporate employer under § 10(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 659(a)." Id. 78-79. One of Buckley's employees died in an accident at a maintenance shop and it was reported to OSHA which investigated. OSHA issued two separate citations and notice of the citations were sent by certified mail to the maintenance shop's address and to the attention of Albert L. Proia, the superintendent of the shop. Buckley did not respond to the notices within the statutory 15 days; OSHA then sent a final demand letter to Buckley at its corporate address. That letter resulted in Buckley directly contacting the Department of Labor and contesting the imposition of penalties. The Secretary moved to dismiss the notice of contest and it was ultimately dismissed at the agency level; thus, Buckley was required to pay the penalties. Buckley appealed to the Third Circuit Court of Appeal. In summary fashion, the Court held that:

> [W]e perceive the Congressional intent to be a requirement that notification must be given to one who has the authority to disburse corporate funds to abate the

---

[1] The phone call and 2018 letter concern a May 2017 adverse employment claim and is identified as Case No.: 7-7080-17-080 (Doc. 36-1). The phone call and letter appear unrelated to the safety violations that were at issue in June and October 2017.

[2] Defendant further states that the August 21, 2023 Answer informed the Department of Labor that it is claiming lack of notice (Doc. 36, p. 4). Defendant cites no authority to support this proposition. It further states that "[a]ny other attempt at notification would clearly be futile" (Id.).

> alleged violation, pay the penalty, or contest the citation or proposed penalty. As to this corporate employer, this means, at the very least, a notice to the officials at the corporate headquarters, not the employee in charge at the particular worksite.

Id. 81. Based on this authority, and the facts set forth above, Defendant argues that it is entitled to pursue its notice defense through discovery.

Plaintiff counters that notice of the original OSHA penalties is not relevant and that this Court lacks jurisdiction to consider the issue. While standing on this argument, Plaintiff states that, in any event, Defendant was appropriately served the citations at its Rolla, MO address consistent with OSHA requirements. Those requirements merely require that OSHA "notify the employer by certified mail." 29 U.S.C. §§ 659(a) and (b). The citations were mailed by certified mail to the Rolla address (where the violations occurred and the inspection took place) and they were received and signed for by Defendant's employees, Donald Duran and Carl Bennett,[3] at that location (Doc. 38-1, 38-3). Plaintiff further argues that Buckley is distinguishable and has no bearing on this case and that other relevant and binding precedent demonstrate that service of the notices was proper.

Buckley is distinguishable and of questionable precedential value. In that case, the target of the OSHA penalties directly notified the Secretary of Labor that it was challenging the imposition of those sanctions once it received written notice of the penalties at its corporate address. No such challenge is present in this case. Defendant has cited to no case authority suggesting that stating an affirmative defense in a debt collection action is sufficient to "notify the Secretary [of Labor] that he wishes to contest the citation or proposed assessment of penalty." 29 U.S.C. § 659(a). And, unlike Buckley, the citation and penalty were challenged *at the agency level* and the Third Circuit merely remanded the matter to the Commission for consideration of the

---

[3] According to Defendant, Bennett was a mechanic and not a manager or supervisor; he was later discharged for allegedly embezzling $100,000 from Defendant (doc. 36-1, ¶ 8-9).

notice of contest.  See also David E. Harvey Builders, Inc. v. Secretary of Labor, Occupational Safety and Health Administration, 724 Fed.Appx. 7 (D.C. Cir. 2018) (considering petition for review of the Commission's final order); Capital Cit Excavating Co., Inc. v. Donovan, 679 F.2d 105 (6th Cir. 1982) (same).  The procedural posture of this case is entirely different.  Buckley, perhaps, may be of some persuasive authority if Defendant were challenging the notice at the agency level; but in this Court and on this claim, it has no relevance.[4]

What is more concerning is Defendant's failure to tie any lack of notice with respect to the penalties with a viable defense to a DCIA action.  The Court is mindful that Defendant's theory is that the penalties themselves are unenforceable and, as indicated above, Defendant may be stuck between a rock and a hard place in making this argument.  However, Defendant's theory does not explore or challenge the requirements of a DCIA action.  There is no suggestion in Defendant's brief that the government cannot pursue through the DCIA a debt occasioned by an underlying penalty of which a defendant did not receive notice.  Without any such argument, citation to case authority, or citation to any other authority, the Court is hard pressed to find that Defendant's lack of notice affirmative defenses are viable in this action.  Simply put, Defendant's arguments may be better suited to challenging the penalties themselves, by petitioning the Secretary of Labor in the first instance.  And a fuller record, replete with discovery, cannot save this defense in this Court.  Even if every fact is construed in favor of Defendant, it is still barking up the wrong tree.

---

[4] Plaintiff points out in great detail that Buckley would not apply, even at the agency level, in this Circuit.  The Occupational Safety Health Review Commission, which considers appeals of OSHA penalties and related matters, has rejected the holding in Buckley and instead holds that "the test to be applied in determining whether service is proper is whether the service is reasonably calculated to provide an employer with knowledge of the citation and notification of proposed penalty and an opportunity to determine whether to abate or contest."  B.J. Hughes, Inc., 7 O.S.H. Cas. 1471, 1979 WL 8462, *3-4 (1979).  The Commission also is required to follow precedent from the circuit court in which a case would be appealed; or, barring any circuit opinion, its own precedent.  Harvey-Cleary Builders, 26 O.S.H. Cas. 2014, 2017 WL 4249633, * 3 (2017).  There is no Eighth Circuit case law on this issue; and, because any claim of Defendant would be appealed to the Eighth Circuit, the Commission would follow B.J. Hughes, Inc. and not Buckley, in assessing the claim.  Defendant has not addressed these arguments, even though it could have moved to file a sur-reply pursuant to Local Rule 4.01(C).

Maintaining this defense in this lawsuit would unnecessarily confuse the issues, permit Defendant to engage in unnecessary and irrelevant discovery, and unreasonably delay resolution of this matter.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 32) is **GRANTED in part and DENIED in part.**  Affirmative Defenses contained in paragraphs 33, 34, and 35 of Defendant's Answer (Doc. 24) are hereby **STRICKEN**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of November, 2023