UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23 CV 1 JMB |
| I-44 TRUCK CENTER & WRECKER SERVICE, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 54). The Motion is fully briefed and ready for disposition (Docs. 55, 57, 59, 62). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.    Introduction**

On January 3, 2023, Plaintiff filed this civil debt collection action pursuant to the Federal Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3701, *et seq.* In the Complaint, Plaintiff alleged that Defendant had failed to pay civil penalties, interest, charges, and fees totaling $124,567.78 in connection with reported violations of the Occupational Safety and Health Act (the "Act"), 29 U.S.C. § 651, *et seq.* (Doc 1). Specifically, on June 20, 2017, the Occupational Safety and Health Administration ("OSHA") cited Defendant for various safety violations. OSHA cited Defendant again on October 18, 2017, for failure to abate. Defendant never contested the citations prior to this lawsuit, and no payment was made in connection with the citations. Plaintiff seeks to recover the amounts owed.

On March 1, 2023, Defendant moved for dismissal of the Complaint on the basis that it was time-barred (Doc. 10). The Court denied the motion, finding Plaintiff's claims were timely

filed (Doc. 22). Defendant then filed an Answer, raising several affirmative defenses, including that Plaintiff's claims were barred by the statute of limitations, that Plaintiff's claims were barred by the doctrine of laches, and that it had received insufficient notice of the OSHA safety violations and penalties (Doc. 24). Plaintiff thereafter moved to strike Defendant's affirmative defenses (Doc. 32). Following a hearing on the motion, the Court struck all of Defendant's affirmative defenses except for those related to the statute of limitations (Doc. 39). In doing so, the Court noted that, although it had already determined the action was timely filed, striking the statute-of-limitations defense, "which is an extreme act," would make no difference; that laches does not apply in actions brought by the United States; and that Defendant's arguments related to lack of notice were necessarily suited to challenging the penalties themselves through administrative processes. Id. at 3-8.

## II.   Background

The record in this matter, which includes copies of OSHA documents related to Defendant's citations and reported indebtedness, demonstrates the following undisputed facts. On May 31, 2017, OSHA inspected Defendant's workplace in Rolla, Missouri and documented multiple violations of the Act and related regulations. (Doc. 56, Plaintiff's Statement of Uncontroverted Material Facts ("SUMF") ¶¶ 1, 2). On June 20, 2017, OSHA issued Defendant a Citation and Notification of Penalty ("Citation") for failure to properly maintain fire extinguishers and a propane tank, failure to properly train a forklift driver, and failure to properly store combustible materials. (Id. ¶ 3 & Ex. 1 at 72-83). The Citation set forth an abatement deadline of July 24, 2017; assessed $5,541.00 in proposed penalties; and admonished that OSHA "is required to assess interest, delinquent charges, and administrative costs for the collection of delinquent penalty debts for violations of [the Act]." (Id. ¶¶ 5-7 & Ex. 1 at 77-83). The Citation further stated

that Defendant had 15 working days to contest the Citation, otherwise the citations and proposed penalties would become a final order of the Occupational Safety and Health Review Commission (the "Commission"). (Id. ¶ 8 & Ex. 1 at 73). A copy of the certified mail receipt from the United States Postal Service ("USPS") shows that the Citation was mailed and delivered to Defendant's workplace in Rolla on June 27, 2017, and the receipt bears the signature of Donald Doran, who was employed by Defendant as a wrecker operator at the time. (Id. ¶ 12, 15-16 & Ex. 1 at 84).

Defendant did not contest the Citation at the agency level, and it did not make payment towards the penalties assessed. (Id. ¶¶ 19, 24). On August 31, 2017, OSHA's Area Director sent Defendant a collection letter stating that unless payment was already in the mail, Defendant's unpaid balance would be deemed delinquent, interest and administrative costs would be assessed, and if nonpayment continued a delinquent charge would be assessed. (Id. ¶ 30 Ex. 1 at 26-27). Defendant never paid any amount toward the penalties, interest, administrative costs, delinquent charges, or any other amounts assessed in connection with the Citation. (Id. ¶¶ 32-34).

Meanwhile, on October 10, 2017, OSHA reinspected Defendant's workplace in Rolla. (Id. ¶ 36). On October 18, 2017, OSHA issued Defendant a Notification of Failure to Abate Alleged Violations ("Notification"), stating that Plaintiff had failed to abate the violation related to the proper maintenance of fire extinguishers,[1] and proposing an additional penalty of $65,184.00. (Id. ¶¶ 37-38 & Ex 1. at 88-95). The Notification required Defendant to complete abatement verification documentation; requested payment; and admonished that interest, administrative costs, and delinquency charges would be assessed in the event of nonpayment. (Id. ¶¶ 40-41 & Ex. 1 at 93-94). Similar to the Citation, the Notification indicated Defendant had 15 working days upon receipt to inform OSHA's Area Director in writing of any intention to contest the Notification

---

[1] Specifically, Defendant had failed to maintain two out of three portable fire extinguishers in a fully charged condition. (SUMF ¶ 37 & Ex. 1 at 92).

and additional penalty, or else it would become a final order of the Commission. (Id. ¶ 42 & Ex. 1 at 89). A copy of the certified mail receipt from the USPS shows that the Notification was mailed and delivered to Defendant's workplace in Rolla on October 24, 2017, and the receipt bears an ineligible signature. (Id. ¶ 46 & Ex. 1 at 95). Certified business records from the USPS show the Notification was mailed and delivered to Defendant on October 24, 2017, and it was "[l]eft with individual." (Id. ¶ 47 & Ex. 1 at 97).

Defendant did not contest the Notification at the agency level, and it did not make timely payment towards the additional penalty. (Id. ¶¶ 50, 64). In a Certification of Corrective Action Worksheet dated October 23, 2017, Carl Bennett, who was a manager for Defendant at the time, indicated that the remaining violation was corrected on October 19, 2017, by the following method of abatement: "Bought three new fire extinguishers mounted them." (Id. ¶¶ 56-59 & Ex. 1 at 113). On December 4, 2018, OSHA sent Defendant another collection letter. (Id. ¶ 72 & Ex. 1 at 39-40). Defendant never paid any amount toward the additional penalty, interest, administrative costs, delinquent charges, or any other amount assessed in connection with the Notification. (Id. ¶ 71).

Due to nonpayment, the two debts were referred to the Department of Treasury, thereafter to two private collection agencies, and ultimately to the Department of Justice. (Id. ¶¶ 74-75, 78). On May 8, 2024, the Department of Treasury issued a Certificate of Indebtedness related to the Citation, stating that Defendant was indebted to the United States in the amount of $10,881.55. (Id. ¶ 35 & Ex. 1 at 114). The same date, it issued a Certificate of Indebtedness related to the Notification, stating that Defendant was indebted to the United States in the amount of $128,378.80. (Id. ¶ 73 & Ex. 1 at 115). Defendant's total debt arising from the Citation and Notification exceeds $139,260.21. (Id. ¶ 88).

**III.     Legal Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Id. at 247-48. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. In ruling on a motion for summary judgment, the court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255.

**IV.     Discussion**

The DCIA authorizes an agency "to collect a claim of the United States Government for money or property arising out of the activities of, or referred to, the agency." 31 U.S.C. § 3711(a)(1). A "claim" or "debt" is "any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States," including "any fines or penalties assessed by an agency," as well as "other amounts of money or property owed to the Government." Id. § 3701(b)(1). If a claim or debt has been delinquent for 180 days, then it

may be transferred to the Secretary of the Treasury who shall take appropriate action to "collect or terminate collection actions on the debt or claim." Id. § 3711(g)(1). The Court has already determined that Plaintiff's claims fall under the purview of the DCIA (Doc. 22).

Plaintiff argues that because there is no genuine issue of material fact regarding the applicability of the DCIA, the recoverability of the above-referenced OSHA penalties, or the amount of debt owed by Defendant, the Government is entitled to judgment as a matter of law (Doc. 55). In response, Defendant argues that it has fully abated the safety issues identified in the citations issued by OSHA, that OSHA failed to provide adequate notice of the safety violations, and that the penalties sought are excessive and unjustified under the Eighth Amendment (Doc. 57).

To the extent Defendant attempts to challenge the underlying imposition of the civil penalties, interest, charges, and fees, the Court notes that it has already determined Defendant's inability to do so at this juncture. See 29 U.S.C. § 659(a) (if the employer does not provide timely notice of intent to contest the citation or penalty, the citation and assessment "shall be deemed a final order of the Commission and not subject to review by any court or agency"); Id. § 660 (Judicial review of the citation and penalty is limited to those instances where an employer does make a challenge within the 15-day period). As to Defendant's argument that the penalties sought are excessive and unjustified in contravention of the Eighth Amendment, the Court notes that Defendant has not raised this issue until now, and that consideration of this argument would necessarily require the Court to assess the underlying imposition of the civil penalties, which it has already declined to do. In any event, the Court finds that Defendant has provided no evidence or meaningful analysis to support this underdeveloped argument. See Jones v. Solv, No. 4:23cv168 JAR, 2024 WL 3771371, at *1 (E.D. Mo. Aug. 13, 2024) (noting that self-serving, conclusory statements are insufficient to defeat summary judgment, that the court does not consider statements

Page **6** of **7**

which merely constitute personal opinions, and that the party opposing summary judgment must come forward with specific facts showing there is a genuine issue for trial); see also <u>United States v. Aleff</u>, 772 F.3d 508, 512 (8th Cir. 2014) (the Excessive Fines Clause applies to civil penalties that are punitive in nature; a punitive sanction violates the Excessive Fines Clause only "if it is grossly disproportional to the gravity of a defendant's offense"); see generally <u>United States v. Bajakajian</u>, 524 U.S. 321, 336 (1998) (in adopting the standard of gross proportionality, discussing the legislature's broad authority to determine appropriate punishment for an offense).

The Court further agrees with Plaintiff that there is no genuine dispute regarding the amount of debt owed by Defendant. As set forth in the certificates of indebtedness issued by the Department of Treasury—which Defendant does not contest—Defendant's debt arising from both the Citation and Notification exceeds $139,260.21. Here, the record clearly demonstrates that OSHA cited Defendant for safety violations under the Act, that OSHA assessed Defendant penalties in connection with said safety violations and Defendant's subsequent failure to abate, and that Defendant failed to contest or pay the amount owed which now exceeds $139,260.21. The Court therefore concludes Plaintiff is entitled to judgment as a matter of law on its FCIA claims.

**V.     Conclusion**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (Doc. 54) is **GRANTED**.

The Clerk of Court shall enter judgment accordingly.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2025.