UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23 CV 1 JMB ) |
| I-44 TRUCK CENTER & WRECKER SERVICE, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant I-44 Truck Center and & Wrecker Service, LLC's renewed Motion for Stay of Execution, seeking the Court's approval of a proposed letter of credit in lieu of a supersedeas bond as security for the judgment (Doc. 84). Defendant's Motion will be denied for the following reasons.

Pursuant to Federal Rule of Civil Procedure 62(b), at any time after judgment is entered, a party may obtain a stay by providing a bond or other security. While the Court has discretion to allow other forms of security, "'[a] full supersedeas bond is the norm.'" Estate of Snyder v. Julian, 1:11cv24 LMB, 2014 WL 668191, at *1-2 (E.D. Mo. Feb. 20, 2014) (quoting United States v. Mansion House Ctr. Redevelopment Co., 682 F. Supp. 446, 449 (E.D. Mo. 1988)). A supersedeas bond "'essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal.'" Id. (quoting Mansion House, 682 F. Supp. at 449 n.5.)). Any other form of security, such as a letter of credit, must also provide "sufficient protection for the judgment creditor." State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc., 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) (quotation omitted). When considering whether to

approve a letter of credit as a form of security, "the district court should ensure that the letter will assure full payment throughout the appellate proceedings." Id. at 330-31.

Here, the Court is not convinced that the proposed letter of credit will sufficiently guarantee payment in the event that the Government prevails on appeal because it fails to adequately guarantee the Government's right to payment in at least two ways. First, the surety allows Sullivan Bank, "in its sole discretion and as it deems advisable, to provide different or additional terms in the Credit from the terms set forth in this Agreement, provided that such different or additional terms shall not materially vary from the terms set forth herein." (Doc. 84.1 at 1). Sullivan Bank's unilateral ability to impose additional terms in the Letter of Credit, without the Government's consent or advance knowledge, creates a significant risk that the ultimate instrument may not adequately protect the Government's rights. This remains so despite the prohibition against terms that "materially vary" from those prescribed in the agreement, since it is not clear from the agreement what terms would or would not be materially different, which creates a substantial risk of further disputes between the parties on collateral issues. Second, the provision of the agreement apparently intended to govern payment appears incomplete. The relevant provision states: "Payment to the Beneficiary will be made Any draft shall include this statement: Drawn Under Irrevocable Letter of Credit No. I44-1." Id. As written, this provision fails to adequately guarantee payment in the event that the Government prevails on appeal.

In light of the foregoing, the Court finds that Defendant has failed to demonstrate that its proposed alternative surety will adequately protect the Government's rights. The Court will therefore deny the motion. The Court will nevertheless continue its temporary stay of execution of the judgment and will grant Defendant additional time to procure a bond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Stay of Execution (Doc. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall, no later than **June 6, 2025**, file any final renewed motion for a stay of execution accompanied by the requisite supersedeas bond.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2025.