# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 01, 2026

John Joseph Gazzoli Jr.
ROSENBLUM & GOLDENHERSH
4th Floor
7733 Forsyth Boulevard
Saint Louis, MO  63105-0000

    RE:  25-1828  United States v. I-44 Truck Cntr & Wrecker Svc

Dear Counsel:

    The court today issued an opinion in this case. Judgment in accordance with the opinion was also entered today.

    Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 45 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 45 day period for filing permitted by FRAP 40 may be denied as untimely.

                    Susan E. Bindler
                    Clerk of Court

DAK

Enclosure(s)

cc:    Clerk, U.S. District Court, Eastern District of Missouri
      Anthony J. Debre
      Theresa A. Phelps

      District Court/Agency Case Number(s):  4:23-cv-00001-JMB

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 01, 2026

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE:  25-1828  United States v. I-44 Truck Cntr & Wrecker Svc

Dear Sir or Madam:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was John Joseph Gazzoli, Jr., of Saint Louis, MO. The following attorney also appeared on the appellant brief; Theresa A. Phelps, of Saint Louis, MO.

Counsel who presented argument on behalf of the appellee was Anthony J. Debre, AUSA, of Saint Louis, MO.

The judge who heard the case in the district court was Honorable John Max Bodenhausen.

If you have any questions concerning this case, please call this office.

Susan E. Bindler
Clerk of Court

DAK

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):  4:23-cv-00001-JMB

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1828

_____

United States of America

*Plaintiff - Appellee*

v.

I-44 Truck Center and Wrecker Service, LLC

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2026
Filed: July 1, 2026

_____

Before LAVENSKI R. SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

I-44 Truck Center & Wrecker Service, LLC failed to pay two citations issued by the Occupational Safety and Health Administration. The government began collection proceedings under the Debt Collection Improvement Act, 31 U.S.C. § 3701 *et seq*. I-44 moved to dismiss, arguing the action was time-barred under 28 U.S.C. § 2462. The district court ruled that § 2462 does not apply to a collection of

debt under the DCIA.  Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

## I.

I-44 provides trucking and towing services, operating a "satellite facility" in Rolla, Missouri.  Inspecting this facility, OSHA found several violations.  It cited I-44 for $5,541.00 on June 20, 2017.  The citation warned I-44 of the consequences of untimely payment—interest, administrative costs, and delinquency charges.  It also said that if, after 15 working days from the receipt, I-44 did not inform OSHA in writing of its intention to contest the citation or proposed penalty, then both would become final orders.  *See* **29 U.S.C. § 659(a)**.  I-44 neither responded nor paid the penalty.  The citation and penalty became final orders on July 5, 2017.  OSHA sent a collection letter for the June violations.

Reinspecting the facility in October, OSHA found that I-44 failed to abate one of the violations, resulting in a $65,184.00 penalty.  A week later, the agency sent another citation letter, with the same warnings and information as the June citation.  *See* **§ 659(b)**.  While one employee did return the certification-of-corrective-action worksheet to OSHA—writing that the last unabated hazard was remedied—I-44 neither informed OSHA of its intention to contest, nor paid the penalty.  The October citation and penalty became final orders on November 2, 2017.  The agency sent another collection letter.

After both penalties were delinquent for more than 180 days, OSHA referred the debts to the Department of Treasury.  *See* **31 U.S.C. § 3711(g)(1)(A)**.  Treasury referred the debts to two private collection agencies.  *See* **§ 3711(g)(1)(B)**.  A collections representative contacted I-44's owner about the debts in December 2020.  He refused to pay.  The debts were then referred to the Department of Justice, resulting in two demand letters issued to I-44 in March 2022.  *See* **§ 3711(g)(4)(C)**.

-2-

In January 2023, the government sued I-44 under the DCIA, seeking payment for the debts, then totaling $124,567.78.  I-44 moved to dismiss the complaint as time-barred under 28 U.S.C. § 2462.  It also asserted it lacked notice because OSHA sent the citations to the satellite facility, where it had no managerial or supervisory employees.  The district court ruled that § 2462 did not apply to a collection of debt under the DCIA.  The district court denied I-44's motion to dismiss, struck its no-notice defense, and granted summary judgment to the government.  I-44 appeals.[1]

## II.

"This court reviews *de novo* the district court's denial of a motion to dismiss." ***United States v. Jones***, 70 F.4th 1109, 1111 (8th Cir. 2023).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009), *quoting* ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id***.  "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." ***Humphrey v. Eureka Gardens Pub. Facility Bd.***, 891 F.3d 1079, 1081 (8th Cir. 2018).

---

[1]On appeal, I-44 argues that the district court abused its discretion in striking its no-notice defense. *See* ***United States v. Dico, Inc.***, 266 F.3d 864, 879 (8th Cir. 2001) (reviewing a district court's grant of a motion to strike for an abuse of discretion).  Because this court reverses the district court's decision on other grounds, it need not decide this issue. *See, e.g.*, ***Kramer v. Perez***, 595 F.3d 825, 831 (8th Cir. 2010) (deciding not to consider additional issues on appeal after deciding an issue "sufficient to dispose" of the case).

-3-

III.

"Statutes of limitations 'set a fixed date when exposure to the specified Government enforcement efforts end.'" *Kokesh v. SEC*, 581 U.S. 455, 461 (2017) (cleaned up), *quoting Gabelli v. SEC*, 568 U.S. 442, 448 (2013). "Such limits are vital to the welfare of society and rest on the principle that even wrongdoers are entitled to assume that their sins may be forgotten." *Id*. (citation and quotation omitted). "It has always been the rule that statutes of limitation do not apply to the United States in the absence of a clear and manifest congressional intent that they shall apply." *United States v. De Queen & E. R.R. Co.*, 271 F.2d 597, 600 (8th Cir. 1959). Statutes of limitations barring the rights of the federal government "must receive a strict construction in favor of the Government." *Badaracco v. Comm'r*, 464 U.S. 386, 391 (1984) (citation omitted).

Section 2462 clearly imposes a five-year limitations period on the government for "an action, suit or proceeding for the *enforcement* of any civil fine, *penalty*, or forfeiture, pecuniary or otherwise." **28 U.S.C. § 2462** (emphasis added). The government believes its collection of a delinquent penalty as a "debt" is outside § 2462's scope. The question thus is whether the government is still enforcing a penalty under § 2462 after it refers the assessed penalty to the DOJ for collection under the DCIA. The answer is yes.

Section 2462 applies to collections. "[T]he collection of amounts owed . . . may be properly termed 'enforcement.'" *Capozzi v. United States*, 980 F.2d 872, 875 (2d Cir. 1992). Under § 2462, "enforcement" includes collections of previously imposed fines or penalties. *See United States v. Godbout-Bandal*, 232 F.3d 637, 639–40 (8th Cir. 2000) (applying § 2462's limitation period to a collection of previously imposed civil penalties); *3M Co. v. Browner*, 17 F.3d 1453, 1457–59 (D.C. Cir. 1994) (holding § 2462 applies to the assessment and collection of penalties); *SEC v. Mohn*, 465 F.3d 647, 653 n.3 (6th Cir. 2006) (collecting cases) (noting that § 2462 applies to collection actions), *disagreeing with United States Dep't of Lab. v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir. 1982); *DLS*

-4-

*Precision Fab LLC v. U.S. Immigr. & Customs Enf't*, 867 F.3d 1079, 1086 (9th Cir. 2017) (per curiam) (stating "the language of § 2462 speaks directly to establish the limitations period for filing an action to collect a previously imposed penalty"). If the debt here is a "penalty," then § 2462 applies to the government's collection action.

"A 'penalty' is a 'punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offense against its laws.'" *Kokesh*, 581 U.S. at 461 (cleaned up), *quoting Huntington v. Attrill*, 146 U.S. 657, 667 (1892).  A government action is a penalty if:  (1) it redresses a wrong to the public, rather than a wrong to an individual; and (2) its purpose is to punish, "and to deter others from offending in like manner[,] as opposed to compensating a victim for his loss." *Id*. at 461–62 (citation and quotation omitted).

The DCIA permits agencies to collect a claim of the government "for money or property arising out of the activities of, or referred to, the agency." *See* **31 U.S.C. § 3711(a)(1)**.  A "'claim' or 'debt' means any amount of funds or property that has been determined by [the government] to be owed to the United States by a person, organization, or entity other than another Federal agency." **§ 3701(b)(1)**.  "A claim includes, without limitation . . . *any fines or penalties* assessed by an agency . . . ." **§ 3701(b)(1)(F)** (emphasis added).

The government believes that a collection of debt is not a punishment.  The underlying assessments, however, were penalties; they punished I-44 for violating its regulations.  *See Kokesh*, 581 U.S. at 465 ("When an individual is made to pay a noncompensatory sanction to the Government as a consequence of a legal violation, the payment operates as a penalty."); *Kaspar Wire Works, Inc. v. Sec'y of Lab.*, 268 F.3d 1123, 1132 (D.C. Cir. 2001) (". . . OSHA penalties are meant to inflict pocket-book deterrence." (cleaned up)); *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir. 1992) ("[T]he purpose of OSHA is preventive rather than compensatory.").  If the government enforced the penalties through the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq*., then § 2462's five-year limitation

-5-

would apply. *See, e.g.*, **29 U.S.C. § 666(l)** ("Civil penalties owed . . . may be recovered in a civil action in the name of the United States . . . ."). The same holds true for the government's collection after delinquency. The collection "go[es] beyond compensation, [] intend[s] to punish, and label[s] defendants wrongdoers." *See Gabelli*, 568 U.S. at 451–52 (ascribing these qualities to civil penalties). *Cf. Mississippi Dep't of Econ. & Cmty. Dev. v. U.S. Dep't of Lab.*, 90 F.3d 110, 113 (5th Cir. 1996) (holding an action seeking reimbursement to the government "does not involve a claim for a civil fine, penalty, or forfeiture under § 2462"). The debt remains a penalty, and § 2462 thus applies.

The government relies on the Tenth Circuit's *Blanca* opinion. Applying *Kokesh*, that court held that no limitation period applied to the government's collection of a debt there under the DCIA. *See Blanca Tel. Co. v. FCC*, 991 F.3d 1097, 1112–15 (10th Cir. 2021). The government there "sought only repayment of the amount overpaid" through administrative offsets. *Id*. at 1113. While recognizing the government was redressing a wrong to the public, the court held that its collection was not a penalty because the underlying purpose "was compensation for the overpayment." *Id*. at 1113–14. *See Tull v. United States*, 481 U.S. 412, 422 (1987) (civil penalties are "intended to punish culpable individuals," not "to extract compensation or restore the status quo"). The court there noted that the DCIA expressly prohibits statutes of limitations for administrative offsets. *See id*. at 1111, *citing* **31 U.S.C. § 3716(e)(1)** ("Notwithstanding any other provision of law, regulation, or administrative limitation, no limitation on the period within which an offset may be initiated or taken pursuant to this section shall be effective."). *Blanca* does not apply where, as here, the government's underlying purpose for collection is to punish.

Because the government sued to enforce delinquent penalties after the statute of limitations had run, the district court erred in denying I-44's motion to dismiss.[2]

---

[2]Since the action is time-barred, this court need not consider I-44's excessive-penalties or Missouri-statute-of-limitations arguments.

-6-

IV.

The government argues that its suit was timely under § 2462.  The government believes that the DCIA requires agencies to wait until the debts have been delinquent for 180 days before transferring them to the Treasury.  *See* **§ 3711(g)(1)(A)**.   The government thus asserts that the collection action did not accrue until the debt could be transferred, putting its suit within the five-year statute of limitations.  *See generally* **Green v. Brennan**, 578 U.S. 547, 554 (2016) (stating that accrual ordinarily occurs when the plaintiff is able to file suit and obtain relief).

The DCIA requires agencies to transfer a debt to the Treasury when it "has been delinquent for a period of 180 days."  **§ 3711(g)(1)(A)**.  The DCIA, however, does not require agencies to *wait* 180 days to bring a collection action for a delinquent debt.  To the contrary, the DCIA requires agencies to "try to collect a claim," and to "take all appropriate steps to collect such debt, including . . . litigation." **§ 3711(a)(1), (g)(9)(H)**.  It also expressly contemplates that a collection action may begin before a debt is transferred to the Treasury.  *See* **§ 3711(g)(1)(B)** (authorizing the Treasury to "terminate collection actions on the debt"); **§ 3711(g)(2)(A)(i)** (exempting agencies from the transfer requirement if the debt is in litigation).  The DCIA's 180-day provision neither precludes agencies from initiating collection actions before transferring debts to the Treasury, nor prohibits them from transferring debts earlier.  The statute of limitations thus started to run when the penalties became final orders.  *See* **Godbout-Bandal**, 232 F.3d at 640 (stating "the statute of limitations period set out in § 2462" starts to run when the "administrative process has resulted in a final determination").

The government's debt-collection suit was untimely.

\* \* \* \* \* \* \*

-7-

The judgment is reversed, and the case remanded with instructions to dismiss the government's collection action as time-barred.

_____